Opinion by Judge GRABER; Dissent by Judge BENSON.
OPINION
GRABER, Circuit Judge:
In Kasten v. Saint-Gobain Performance Plastics Corp., 563 U.S. 1, 131 S.Ct.-1325, 1335, 179 L.Ed.2d 379 (2011), the Supreme Court established a “fair notice” test for deciding whether an employee has “filed any complaint” under the anti-retaliation provision of the Fair Labor Standards Act of 1938 (“FLSA”), 29 U.S.C. § 215(a)(3): “[A] complaint must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection.” We hold that a complaining employee’s position as a manager is an important part of the “context” that the fact-finder must consider. A reasonable employer would understand many actions taken by a non-managerial employee differently than it would understand the same actions taken by a manager. But we decline to formulate or adopt a special bright-line rule to apply when considering whether a manager has “filed any complaint” within the meaning of § 215(a)(3). We further hold that, on this record and applying Kasten’s “fair notice” rule, a jury reasonably could find that Plaintiff Ala Josephine Rosen-field, a managerial employee, filed such a complaint. Accordingly, we reverse the district court’s grant of summary judgment to the employer and remand for further proceedings.
*285 FACTUAL AND PROCEDURAL BACKGROUND
Defendant GlobalTranz Enterprises, Inc., provides transportation management services in Arizona. It “specializes in brokering truckload and supply chain logistics and warehousing.” The company operates, among other things, a call center and a customer service department.
In April 2010, GlobalTranz hired Plaintiff Alla Rosenfield as Manager of Human Resources. The company promoted her later that year to Director of Human Resources and, in early 2011, to Director of Human Resources and Corporate Training. Throughout her employment, Plaintiff reported to her superiors that the company was not compliant with the FLSA, and she repeatedly sought changes to attain statutory compliance.
On May 31, 2011, GlobalTranz fired Plaintiff. She then filed this action, alleging that GlobalTranz and its executives had violated the FLSA’s anti-retaliation provision, 29 U.S.C. § 215(a)(3), and an Arizona state law. Plaintiff alleges that GlobalTranz fired her for engaging in protected activity, that is, for complaining to other managers and to executives that Glo-balTranz was failing to comply with the FLSA.
The district court granted summary judgment in Defendants’ favor on the FLSA claim. Even though the district court recognized that Plaintiff had “advocated consistently and vigorously on behalf of ... GlobalTranz’s employees whose FLSA rights Plaintiff thought were being violated,” the district court held that she nevertheless was not entitled to the protections of § 215(a)(3) because she had not “filed any complaint” for purposes of that provision. Plaintiff voluntarily dismissed the state-law claim, the court entered a final judgment, and this timely appeal followed. We have jurisdiction, James v. Price Stern Sloan, Inc., 283 F.3d 1064 (9th Cir.2002), and our review is de novo, Solis v. Washington, 656 F.3d 1079, 1083 (9th Cir .2011).
DISCUSSION
A. The Legal Standard
The FLSA provides that it is unlawful for an employer
to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee!.]
29 U.S.C. § 215(a)(3). The FLSA defines “employee” as “any individual employed by an employer” and, in turn, defines “employ” as including “to suffer or permit to work.” Id. § 203(e)(1), (g). Although a manager, Plaintiff meets the broad statutory definition of “employee.” We must next consider when a manager, as opposed to a non-managerial employee, has “filed any complaint” under § 215(a)(3).
“[B]ecause the FLSA is a remedial statute, it must be interpreted broadly.” Lambert v. Ackerley, 180 F.3d 997, 1003 (9th Cir.1999) (en banc); see also Navarro v. Encino Motorcars, LLC, 780 F.3d 1267, 1271 (9th Cir.2015) (holding that “we must apply the background rule that the FLSA is to be construed liberally in favor of employees” (internal quotation marks and brackets omitted)), cert. granted, — U.S. -, 136 S.Ct. 890, 193 L.Ed.3d 783, 84 U.S.L.W. 3201 (2016) (No. 15415). Moreover, this specific statutory provision broadly encompasses the filing of “any complaint.” 29 U.S.C. § 215(a)(3) *286 (emphasis added); see Kasten, 131 S.Ct. at 1332 (holding that “the phrase ‘any complaint’ suggests a broad interpretation”). An expansive anti-retaliation provision is consistent with “the Act’s basic objective[ ]” of improving labor conditions through substantive wage and hour standards. Kasten, 131 S.Ct. at 1333.
For weighty practical and other reasons, Congress did not seek to secure compliance with prescribed standards through continuing detailed federal supervision or inspection of payrolls. Rather it chose to rely on information and complaints received from employees seeking to vindicate rights claimed to have been denied. Plainly, effective enforcement could thus only be expected if employees felt free to approach officials with their grievances.... [I]t needs no argument to show that fear of economic retaliation might often operate to induce aggrieved employees quietly to accept substandard conditions.
Mitchell v. Robert De Mario Jewelry, Inc., 361 U.S. 288, 292, 80 S.Ct. 332, 4 L.Ed.2d 323 (1960); see -also Kasten, 131 S.Ct. at 1333 (discussing this background and quoting Mitchell); Lambert, 180 F.3d at 1003 (same).
But the FLSA “also seeks to establish an enforcement system that is fair to employers.” Kasten, 131 S.Ct. at 1334. “To do so, the employer must have fair notice that an employee is making a complaint that could subject the employer to a later claim of retaliation.” Id.; see also Lambert, 180 F.3d at 1007 (“Of course, in order to find protection under § 215(a)(3), an employee must actually communicate a complaint to the employer.... [N]ot all amorphous expressions of discontent related to wages and hours constitute complaints filed within the meaning of § 215(a)(3).”). Whether a complaint has been filed that provides adequate notice to the employer is a question “to be resolved as a matter of factual analysis on a case-by-case basis.” Lambert, 180 F.3d at 1008. And, as we noted at the outset, the Supreme Court has defined the legal rule that a fact-finder must apply: “To fall within the scope of the antiretaliation provision, a complaint must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection.” Kasten, 131 S.Ct. at 1335.
The employee’s job title and responsibilities — in particular, whether he or she is a manager — form an important part of that “context.” Generally speaking, managers are in a different position vis-avis the employer than are other employees because (as relevant here) their employer expects them to voice work-related concerns and to suggest changes in policy to their superiors. That may be particularly true with respect to upper-level managers who are responsible for ensuring compliance with the FLSA.
If an entry-level employee reported that someone is underpaid in violation of the FLSA' and requested that the employee be compensated in compliance with the Act, a reasonable employer almost certainly would understand that report as a “complaint” (depending, of course, on all the circumstances). But if the identical report were made by a manager tasked with ensuring the company’s compliance with the FLSA, a reasonable employer almost certainly would not understand that report as a “complaint” (again, depending on all the circumstances). Rather, the employer naturally would understand the manager’s report as carrying out his or her duties. In short, when determining whether an employee has “filed any complaint,” the employee’s role as a manager often is an important contextual element.
*287 Before we apply Kasten’s “fair notice” rule to the facts of this ease, though, we must consider the parties’ arguments concerning our sister circuits’ precedents. In the years before the Supreme Court decided Kasten, several of our sister circuits published opinions assessing whether a manager had filed a complaint for purposes of § 215(a)(3). Hagan v. EchoStar Satellite, L.L.C., 529 F.3d 617, 627-30 (5th Cir.2008); Claudio-Gotay v. Becton Dickinson Caribe, Ltd., 375 F.3d 99, 102-03 (1st Cir.2004); McKenzie v. Renberg’s Inc., 94 F.3d 1478, 1485-87 (10th Cir.1996). Those cases correctly recognized both that a manager may, in some circumstances, file a complaint under § 215(a)(3) and that an employee’s managerial position is an important contextual element that must be considered when assessing whether the employee has filed a complaint. Hagan, 529 F.3d at 627-28; Claudio-Gotay, 375 F.3d at 102; McKenzie, 94 F.3d at 1486-87.
Without the benefit of Kasten’s generalized “fair notice” rule, our sister circuits adopted a manager-specific legal standard. With respect to managers, our sister circuits formulated the rule this way: “In order to engage in protected activity under § 215(a)(3), the employee must step outside his or her role of representing the company and either file (or threaten to file) an action adverse to the employer, actively assist other employees in asserting FLSA rights, or otherwise engage in activities that reasonably could be perceived as directed towards the assertion of rights protected by the FLSA.” McKenzie, 94 F.3d at 1486-87 (footnote omitted); see Hagan, 529 F.3d at 627-28 (agreeing with McKenzie’s rule); Claudio-Gotay, 375 F.3d at 102 (same); see also Brush v. Sears Holdings Corp., 466 Fed.Appx. 781 (11th Cir.2012) (unpublished) (applying the rule in a Title VII case); EEOC v. HBE Corp., 135 F.3d 543 (8th Cir.1998) (same). The parties vigorously dispute whether we should adopt that rule.
We question the parties’ joint assumption, which is shared by the Secretary of Labor and the Equal Employment Opportunity Commission, as amici curiae, that the so-called “manager rule” differs from Kasten’s “fair notice” rule; the two rules likely are consistent. Compare Kasten, 131 S.Ct. at 1335 (“[A] complaint must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection.” (emphasis added)), with McKenzie, 94 F.3d at 1486-87 (“[T]he employee must [take certain actions] or otherwise engage in activities that reasonably could be perceived as directed towards the assertion of rights protected by the FLSA.” (emphasis added) (footnote omitted)). But we find it unnecessary to weigh in definitively on that question. Whether the manager rule is broader, narrower, or the same, the Supreme Court’s opinion in Kasten controls and provides the legal rule of decision.
We decline to refine the Supreme Court’s general formulation of the rule when applied to complaints by a manager. Because Kasten requires consideration of the content and context of an alleged FLSA complaint, the question of fair, notice must be resolved on a case-by-case basis. An employee’s managerial position is only one consideration, and the Supreme Court’s general rule provides adequate guidance for considering that fact. .Moreover, an employee’s status as a “manager” is not entirely binary. A different perspective on fair notice may apply as between a first-level manager who is responsible for overseeing day-to-day operations and a high-level manager who is responsible for ensuring the company’s compliance with the FLSA. Refining the general rule *288 to focus on only one specific factual element may obscure important nuances.
We solicited the views of the Department of Labor and the Equal Employment Opportunity Commission because the views of those agencies are entitled to some weight when interpreting § 215(a)(3). Kasten, 131 S.Ct. at 1335. The agencies submitted a helpful joint brief urging us to apply Kasten’s “fair notice” rule as the rule of decision. Having found their view persuasive on that point, we turn now to the task of applying Kasten’s rule to the record in this case.
B. The Facts
Because the district court granted summary judgment in Defendants’ favor, we must accept Plaintiffs version of the facts. Id. at 1330. We must assess whether Plaintiffs complaints were “sufficiently clear and detailed for a reasonable employer to understand [them], in light of both content and context, as an assertion of rights protected by the statute and a call for their protection.” Id. at 1335. We hold that a reasonable jury could find that Plaintiffs advocacy reached the requisite degree of formality to constitute protected activity under § 215(a)(3).
Throughout her tenure, Plaintiff served as either the Manager of Human Resources or Director of Human Resources. Because a person with those titles generally is tasked with employment-related decisions, reports on a company’s compliance with employment-related statutes ordinarily would not put the employer on notice that the manager was filing a complaint within the meaning of § 215(a)(3). Critically, however, ensuring compliance with the FLSA was not Plaintiffs responsibility. Instead, Plaintiffs boss “considered himself solely responsible for FLSA compliance” and “did not understand, appreciate, or welcome [Plaintiffs] bringing to his attention the FLSA violations.”
Despite that arrangement, Plaintiff complained orally to management on at least eight occasions that the company was not in compliance with the FLSA. She provided copies of the statute on some occasions, along with specific assertions concerning misclassification of a large number of employees and requests for changes in payment of wages for those employees. Additionally, Plaintiff raised the subject of FLSA violations in at least 27 weekly and monthly reports to her superiors.
Plaintiffs boss disapproved of Plaintiffs complaints and expressed frustration with her actions. In March 2011, he nevertheless agreed to take some actions aimed at addressing Plaintiffs FLSA complaints. But “he made clear to [Plaintiff] ... that he did not want or expect [her] to determine whether the company was actually implementing” those changes. Plaintiff later discovered that, in her view, the company was not implementing the changes. On May 26, 2011, she documented the company’s non-compliance with the FLSA and complained to her boss. Five days later, her boss fired her.
Viewing the evidence in the light most favorable to Plaintiff, the company understood these interactions to be complaints on the subject of FLSA compliance. That is, her superiors actually understood (or reasonably should have understood) that Plaintiff was asserting rights protected by the FLSA and was calling for their protection. Because FLSA compliance was not part of Plaintiffs job portfolio, her advocacy for the rights of employees to be paid in accordance with the FLSA could not reasonably have been understood (if it was) merely to be a part of Plaintiffs regular duties.
Accordingly, we reverse the summary judgment in favor of Defendants and re *289 mand this case for further proceedings. We do not address Plaintiffs state-law claim because Plaintiff abandoned that claim on appeal by stating that she would not seek to reopen it even if her appeal were successful. Plaintiff further concedes that she cannot refile this claim in any other court because it is barred by the statute of limitations.
REVERSED and REMANDED.