NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 22 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TERESA L. PHELPS, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> CITY OF PARMA, Idaho; CRAIG TELFORD, individually and as Mayor of the City of Parma; ALBERT ERICKSON, individually and as Chief of Police, City of Parma; NATHAN LEIGH, individually and as Council Member, City of Parma; TOM SMITH, individually and as Council Member, City of Parma; ONEY EGUIA, individually and as Council Member, City of Parma; ANGIE LEE, individually and as Council Member, City of Parma, <br><br> Defendants-Appellees. | No.  16-35278 <br><br> D.C. No. 1:14-cv-00085-EJL-REB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Argued and Submitted December 7, 2017
Seattle, Washington

Before:  O'SCANNLAIN, TALLMAN, and WATFORD, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Teresa Phelps appeals the adverse summary judgment of her action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and Idaho Protection of Public Employees Act ("Whistleblower Act"), Idaho Code Ann. § 6-2101 *et seq.* Phelps alleges she was retaliated against by the City of Parma, the Mayor, the Chief of Police, and four City Council members (collectively "the City") for voicing purported FLSA violations in connection with the police department's payroll. We have jurisdiction under 28 U.S.C. § 1291, and affirm in part and reverse in part.

1. The district court properly granted summary judgment for the City on Phelps's FLSA claim after concluding Phelps had not engaged in protected conduct. *See* 29 U.S.C. § 215(a)(3); *Rosenfield v. GlobalTranz Enters., Inc.*, 811 F.3d 282, 284 (9th Cir. 2015), *cert. denied*, 137 S. Ct. 85 (2016). To constitute protected conduct under the FLSA's anti-retaliation provision, "[a] complaint must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection." *Rosenfield*, 811 F.3d at 284 (quoting *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 14 (2011)).

The City did not have fair notice that Phelps's reports could lead to a lawsuit under the FLSA. Phelps understood she was protecting the City, and the Mayor had told her to correct the payroll issue. Because the City "expect[ed her] to voice

2

work-related concerns and to suggest changes in policy to [her] superiors," the district court correctly dismissed Phelps's FLSA claim on the ground that the City reasonably did not understand her to be raising a "complaint" against it.  *Id.* at 286.

2.  Phelps produced sufficient evidence of retaliation to raise a triable issue of fact on her Idaho Whistleblower Act claim.  *See* Idaho Code Ann. § 6-2104(1); *Summers v. City of McCall*, 84 F. Supp. 3d 1126, 1138 (D. Idaho 2015).  Phelps testified:  "When I asked the Mayor if the real reason I did not get a raise is because the Mayor was mad at me for questioning the lawfulness of everything that occurred over the past several months, the answer was 'yes.'"  This allegation is direct evidence of retaliation sufficient to survive summary judgment.  *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1221 (9th Cir. 1998), *as amended* (Aug. 31, 1998).  The district court therefore erred in dismissing Phelps's Whistleblower Act claim as a matter of law.

Each party shall bear its own costs on appeal.

**AFFIRMED** in part; **REVERSED** in part.